IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DHAVALKUMAR CHANDUBHAI PATEL,<br><br>*Petitioner*,<br><br>v.<br><br>WARDEN OF MOSHANNON VALLEY PROCESSING CENTER, *et al*,<br><br>*Respondents*. | Civil Action No. 3:26-cv-874<br><br>Hon. William S. Stickman IV |

**ORDER OF COURT**

Pending before the Court is Petitioner's Motion for Immediate Release. (ECF No. 11). He is a native and citizen of India detained at the Moshannon Valley Processing Center ("MVPC"). He has been ordered removed, and that order in currently on appeal with the Board of Immigration Appeals ("BIA"). According to Petitioner, the physical conditions of the MVPC constitute "cruel and unusual punishment," and "his physical health has declined so much that he is unable to walk." (ECF No. 11, p. 2). Additionally, Petitioner claims that the bond hearing he received before an immigration judge was not individualized, and he believes the evidence was not properly assessed. (*Id*.).

By way of background, on June 17, 2026, the Court granted in part Petitioner's habeas petition, and directed that within ten days he receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226. (ECF No. 8). The Court denied the habeas petition to the extent it requested additional relief. (*Id*.). Petitioner's bond hearing was held on June 22, 2026, before Immigration Judge ("IJ") Adam Panopoulos. (ECF No. 10). IJ Panopoulos denied bond based on a finding that Petitioner did not meet his burden of

establishing he was not a danger to the community or a flight risk. (ECF No. 10-1). Petitioner did not appeal.[1]

8 U.S.C. § 1226(e) provides, in relevant part, that no court may set aside any action or decision regarding detention or release of any alien. This divests district courts of the jurisdiction to reexamine the bond decisions of immigration judges. Nevertheless, two (unpublished) decisions of the United States Court of Appeals for the Third Circuit have held that a district court may examine an alien's bond hearing to determine whether it fell below the minimum standards of due process. *See Quinteras v. Warden Pike Cty. Corr. Fac.*, 784 F. App'x 75 (3d Cir. 2019); *Ghanem v. Warden Essex Cty. Corr. Fac.*, 2022 WL 574624 (3d Cir. 2022). In this case, there is no question that Petitioner received a bond hearing, as ordered. There is, likewise, no question that the stated reason for denial of bond was that Petitioner poses a flight risk and is a danger to the community. This determination is unreviewable under 8 U.S.C. § 1226(e). Nothing before the Court plausibly creates any inference that the bond hearing Petitioner received was procedurally deficient or otherwise violated due process. The Court holds that he was not deprived of a fundamentally fair bond hearing.

As to Petitioner's argument that the conditions of his confinement, including his medical treatment, violate due process, he has not come forth with any evidence or records to substantiate his claims. The Court concurs with Respondents that Petitioner "falls short of adequately pleading even a 'garden variety' conditions-of-confinement claim, let alone demonstrating an 'extreme case that could be cognizable in habeas" petition. (ECF No. 14, p. 4 (citations omitted)).

---

[1] Regulations also provide that Petitioner may seek a bond redetermination from the immigration judge, *see* 8 C.F.R. § 1003.19(e), after which the an alien may appeal the immigration judge's bond decision to the BIA. 8 C.F.R. § 236.1(d)(3). Nothing in the record suggests that Petitioner sought or was prevented from seeking a bond redetermination.

AND NOW, this 2nd day of September 2026, IT IS HEREBY ORDERED that the Motion for Immediate Release (ECF No. 11) is DENIED.

BY THE COURT:

*/s/William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE